**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**REAVES LAW FIRM, PLLC,**

Plaintiff,

vs.                                                    **Civil Action No:** 2:25-cv-02623-SHL-atc

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C., et al.,**

Defendants.

---

**PLAINTIFF'S PARTIAL MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM
(COUNT II AND ASSOCIATED REMEDIES)**

---

**INTRODUCTION**

Reaves Law Firm, PLLC ("RLF") respectfully moves under Fed. R. Civ. P. 12(b)(6) and

LR 12.1 to dismiss Count II of Defendants' Counterclaim (purporting to assert "Breach of

Fiduciary Duty"), along with the add-on remedies pleaded thereunder. Count II fails as a matter of

law because Tennessee does not recognize an independent fiduciary duty running from a client to

its former law firm; the counterclaim impermissibly duplicates contract and tort theories already

pleaded; and the demand for punitive and exemplary remedies is facially unsustainable.

**ARGUMENT**

1. **No Fiduciary Duty Owed by Client to Counsel.**

The Counterclaim flips the law on its head. Tennessee law recognizes fiduciary duties

owed *by attorneys to clients*, not vice versa. Defendants cite no authority creating reciprocal

fiduciary obligations. A client's insistence on trial strategy—even if unwise—does not create

liability in tort. This Court should dismiss Count II because it asserts a duty unknown to law and therefore fails to state a claim.

2. **Duplicative of Contract Theory.**

Even if a duty were cognizable, Defendants' Count II simply recasts alleged failures by RLF to defer to Baker Donelson's litigation advice. Those allegations duplicate contract-based defenses already pleaded in connection with the Engagement Letter (Ex. A to Counterclaim). Tennessee law bars redundant fiduciary duty claims where the dispute arises solely from contractual obligations.

3. **Remedies Pleaded Are Legally Unsustainable.**

Defendants' request for punitive damages and equitable relief tied to Count II must be dismissed outright. Punitive damages are not available for mere breach of contract or for a nonexistent fiduciary duty. Equitable remedies (constructive trust, disgorgement) are inapposite where Defendants allege only that RLF failed to accept their advice. Courts in this District regularly strike such overreaching remedies at the pleadings stage.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court:

1. Dismiss Count II of Defendants' Counterclaim with prejudice;

2. Strike Defendants' claims for punitive, exemplary, or equitable remedies arising from Count II; and

3. Grant such further relief as the Court deems just.

RESPECTFULLY SUBMITTED, this the 8<u>th</u> day of September, 2025.

By: /s/ Henry E. Reaves III
Henry E. Reaves III (TN #28348)
**REAVES LAW FIRM, PLLC**

2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 38118
Phone: (901) 352-0333
Fax: (901) 328-1352
Email: **henry.reaves@beyourvoice.com**
**rlf.litigation@beyourvoice.com**

## CERTIFICATE OF SERVICE

I certify that on September 8, 2025, I filed the foregoing via the Court's CM/ECF system,

which will serve all counsel of record.

By: /s/ Henry E. Reaves III
Henry E. Reaves III (TN #28348)