## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

**REAVES LAW FIRM, PLLC,**

Plaintiff,

vs.                                                  **Civil Action No:** 2:25-cv-02623-SHL-atc

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C., et al.,**

Defendants.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**PARTIAL MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**
**(COUNT II AND ASSOCIATED REMEDIES)**

---

### INTRODUCTION

Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson") has filed a Counterclaim asserting, among other things, **Count II—"Breach of Fiduciary Duty"** against its own client, Plaintiff Reaves Law Firm, PLLC ("RLF"). That theory is fatally flawed: Tennessee law imposes fiduciary obligations on attorneys **to their clients**, not the other way around. Clients do not owe fiduciary duties to their lawyers.

Because Count II is premised on a nonexistent duty, it fails as a matter of law. Even if such a duty could exist, the allegations are duplicative of Baker Donelson's contract-based fee claim and cannot sustain a separate fiduciary-duty cause of action. Further, the remedies demanded— punitive damages, equitable relief, and similar extraordinary add-ons—are legally unavailable on these facts.

Accordingly, under Fed. R. Civ. P. 12(b)(6) and LR 12.1, Count II and its associated remedies should be dismissed with prejudice.

## BACKGROUND

Baker Donelson's Counterclaim alleges that RLF failed to pay invoices under an August 2022 engagement letter and attached "Terms of Engagement." The Counterclaim asserts (1) Breach of Agreement, and (2) Unjust Enrichment, seeking $170,921.09 plus contractual interest, attorneys' fees, and costs.

Count II, however, attempts to repackage these allegations as a **breach of fiduciary duty claim by the firm against its client.** Specifically, Baker Donelson contends RLF acted disloyally by pressing for trial tactics the firm opposed and by resisting its advice. No Tennessee case law supports such a theory.

## STANDARD OF REVIEW

A claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions masquerading as factual allegations are not accepted as true. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Where a claim fails as a matter of law, dismissal under Rule 12(b)(6) is appropriate.

The Western District's Local Rules impose a 20-page limit for memoranda supporting motions to dismiss. This memorandum complies.

## ARGUMENT

### I. Tennessee Law Imposes Fiduciary Duties on Attorneys to Clients, Not Vice Versa.

Tennessee recognizes that "[a]n attorney-client relationship is one of the highest fiduciary relationships known to the law." *Lazy Seven Coal Sales, Inc. v. Stone & Hinds, P.C.*, 813 S.W.2d 400, 405 (Tenn. 1991). But the duty runs **from lawyer to client**. See also *White v. McBride*, 937

S.W.2d 796, 800 (Tenn. 1996) ("The fiduciary duty of loyalty is owed by attorneys to their clients.").

By contrast, there is **no Tennessee authority imposing fiduciary duties from a client back to the lawyer.** Clients may owe contractual obligations (e.g., to pay invoices), but they are not fiduciaries to their counsel. Courts routinely dismiss attempts to invert the relationship. *See Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992) (fiduciary duty arises only where law recognizes such duty; absence is fatal under Rule 12).

Thus, Count II fails as a matter of law and should be dismissed with prejudice.

### II. <u>Count II is Duplicative of Baker Donelson's Contract Claim.</u>

Even if some duty were cognizable, Baker Donelson's allegations merely repeat its contract-based fee theory. Tennessee law prohibits recasting contract disputes as tort claims absent an independent duty. *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 794 (Tenn. 1996) (tort not available where claim arises solely from contractual duty).

Here, the Counterclaim asserts RLF failed to follow Baker Donelson's advice and failed to pay fees. Both allegations fall squarely under the purported engagement contract. The fiduciary-duty count is therefore duplicative and should be dismissed.

### III. <u>The Remedies Demanded Are Legally Unavailable.</u>

Baker Donelson seeks punitive damages, equitable relief (constructive trust, disgorgement), and fee-shifting against RLF. None is permissible:

1. **Punitive Damages** – Tennessee law bars punitive damages for breach of contract absent an independent tort with malice, fraud, or reckless misconduct. *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 211 (Tenn. 2012). No such tort exists here.

2. **Equitable Remedies** – Constructive trust and unjust enrichment are unavailable where an express contract governs. *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998). Baker Donelson has attached an engagement letter, foreclosing equity.

3. **Attorney's Fees and Costs** – Add-on remedies must strictly comply with contract terms or statutory authority. Fee-shifting provisions are narrowly construed. See *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 310 (Tenn. 2009). Baker Donelson's boilerplate Terms of Engagement are contested, unconscionable as applied, and not enforceable under RPC 1.5.

Accordingly, all such remedies should be stricken at this stage.

## CONCLUSION

For these reasons, RLF respectfully requests that this Court:

1. Dismiss Count II of Baker Donelson's Counterclaim with prejudice;

2. Strike Defendants' claims for punitive, exemplary, equitable, or add-on remedies tied to Count II; and

3. Grant such other relief as the Court deems just.

RESPECTFULLY SUBMITTED, this the 8th day of September, 2025.

By: /s/ Henry E. Reaves III
Henry E. Reaves III (TN #28348)
**REAVES LAW FIRM, PLLC**
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 38118
Phone: (901) 352-0333
Fax: (901) 328-1352
Email: **henry.reaves@beyourvoice.com**
**rlf.litigation@beyourvoice.com**

## CERTIFICATE OF SERVICE

I certify that on September 8, 2025, I filed the foregoing via the Court's CM/ECF system,

which will serve all counsel of record.


By: /s/ Henry E. Reaves III
Henry E. Reaves III (TN #28348)