**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**REAVES LAW FIRM, PLLC,**
**Plaintiff,**

**v.**                                          **Civil Action NO. 2:25-cv-02623-SHL-ATC**
                                                **JURY DEMAND**

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC, ET AL.,**
**Defendants.**

---

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

---

Plaintiff, by and through undersigned counsel, respectfully responds to the Court's Order

to Show Cause and states as follows:

### I. Overview and Requested Relief

Undersigned counsel accepts full and complete responsibility for the filing errors identified by

the Court. The first set of documents were incorrect version inadvertently uploaded. The second

set were the intended filings, but contained clerical and citation errors. None of the errors were

substantive or misleading, and no party was prejudiced.

Plaintiff respectfully requests that the Court:

   (a)  Accept this explanation as good cause;

   (b)  Strike or permit corrected substitutions of the identified filings; and

   (c)  Allow this matter to proceed on the merits.

### II. First Set of Filings – Inadvertently Uploaded Drafts

1. The documents docketed as *Plaintiff's Answer to Defendant Baker Donelson's Counterclaim* and *Plaintiff's Partial Motion to Dismiss Defendants' Counterclaim (Count II and Associated Remedies)* were internal drafts never authorized for filing.

2. They were uploaded in error during a document-handoff process.

3. Undersigned counsel takes full and sole responsibility for this oversight and has instituted a two-step verification procedure for all future CM/ECF filings.

### III. Second Set of Filings – Clerical and Citation Errors Only; Law Correct

4. The second set of filings—*Plaintiff's Response in Opposition to Defendants' Motion for Judgment on the Pleadings* and *Plaintiff's Supplemental Response in Opposition*—were the intended submissions and accurately represent Plaintiff's legal position. These documents contained clerical and citation errors, including misnumbered paragraphs and the inadvertent inclusion of three case citations: *Seaton v. Lawson Chevrolet-Mazda, Inc.*, *Press v. Vanderbilt University*, and *Thornbury v. Madison County*. Plaintiff acknowledges that these citations were mistakenly added during the editing process and should not have appeared in the final filings.

5. Defendants correctly noted that these three citations were improper and unverified, and Plaintiff concedes they were inadvertently included. However, Defendants' own Memorandum in Support of their Motion for Judgment on the Pleadings does not assert that Plaintiff misstated any rule, procedural standard, or controlling precedent, nor does it claim that Plaintiff's substantive statements of law were incorrect. Defendants' arguments concern the factual plausibility of Plaintiff's allegations and the Mosby record, not the accuracy of Plaintiff's statement of governing legal principles.

6.  Accordingly, these issues were purely clerical, limited to formatting and inadvertent citation inclusions. They did not involve any substantive misstatement of law or misrepresentation to this Honorable Court.

## IV. Remedial and Preventive Measures

7.  Undersigned counsel has implemented permanent corrective measures:

    • Two-step pre-filing review;

    • Strict file-naming and version-control protocol; and

    • Pre-filing citation and signature checklist.

8.  Counsel accepts sole responsibility for the oversight. The Reaves Law Firm no longer employs the attorney who served as General Counsel at the time, and internal filing supervision has been restructured.

## V. AI Ethical Awareness and July 15 Email

9.  Undersigned counsel recognizes the paramount importance of the Rules of Professional Conduct and transparency in all filings. Attached as **Exhibit A** is the July 15, 2025 email evidencing counsel's proactive steps to ensure ethical, responsible use of AI technology.

## VI. Extraordinary Circumstances and Context (Mitigation)

10. Following the highly publicized underlying verdict, The Reaves Law Firm suffered an unprecedented exodus of key personnel—its COO, CHRO, CFO, all associate attorneys, and several senior staff—unlike any event in its fourteen-year history.

11. The publicity and magnitude of the verdict, together with Defendants' conduct that forms the basis of this malpractice and conspiracy action, created—for the first time in undersigned counsel's career—public and professional questions regarding counsel's

character and integrity and eroded long-standing trust within the firm. The verdict's size and speculation about bankruptcy prompted additional departures.

12. Undersigned counsel contends that these cascading harms—loss of leadership, staff attrition, reputational injury, and overwhelming workload—were caused solely by Defendants' malpractice, conspiracy, and discriminatory conduct. Counsel became personally responsible for nearly all firm operations while managing more than 1,000 active matters, and this extraordinary strain directly contributed to the inadvertent filing oversight now before the Court.

13. The firm's independent payroll vendor, People Process, has prepared an affidavit (attached as **Exhibit B**) confirming the unprecedented scope of these resignations.

14. While these circumstances do not excuse the error, they explain how a procedural lapse occurred amid extraordinary operational strain.

15. Undersigned counsel respectfully requests that the Court consider these mitigating circumstances and avoid imposing any sanction that would permit Defendants to benefit from their own alleged wrongdoing.

### VII. Substantive Clarifications Regarding Defendants' Filings

16. **Defamation Counterclaim**; **Publication and Privilege**; Defendants admit Plaintiff repeatedly requested the filing of a defamation counterclaim, which they declined on privilege grounds. The communication at issue was sent by a former employee, published to multiple recipients, and alleged to have been made with actual malice. Not only is privilege removed by the fact Mosby was no longer an employee, under Tennessee law, any privilege is conditional and lost upon excessive publication or malice.

17. **Judicial Redaction Confirms Prejudice;** The trial court ordered redaction of that same email because it was unduly prejudicial to Mosby's case—confirming the significance of the statement and underscoring that Defendants' refusal to address it meaningfully was not a reasonable strategic decision.

18. **Affidavits as Notice of Witnesses;** Plaintiff's position is not that the affidavits themselves should have been admitted, but that they identified exculpatory witnesses whom Defendants failed to investigate, depose, or present at trial.

19. **Husband and Medical Records;** Defendants' assertion that the plaintiff's ex-husband could not testify does not explain why they failed to cross-examine the plaintiff on narcissistic personality disorder evidence, which went directly to credibility.

20. **Contemporaneous Email Evidence;** While Defendants rely on a post-verdict email of support from Plaintiff, an accompanying contemporaneous email to Plaintiff's spouse attached as **Exhibit C** shows that counsel's post-trial encouragement was not an endorsement of trial but an attempt to prevent the Defendant from inflicting further harm.

21. Collectively, these facts demonstrate that Plaintiff's claims are not speculative or revisionist, but are supported by the record and credible evidence of significant errors, omissions, and prejudice caused by Defendants.

## VIII. Professional Background and Commitment to the Court

22. Undersigned counsel has practiced law for **sixteen (16) years**, admitted before:

   • State of Tennessee;

   • State of Mississippi;

   • Supreme Court of Mississippi;

   • U.S. District Court for the Western District of Tennessee;

• U.S. District Court for the Northern District of Mississippi; and

• U.S. Court of Appeals for the Sixth Circuit.

17. Counsel has never been sanctioned or disciplined for any ethical breach.

18. Honors include the A.A. Latting Award (Ben F. Jones Chapter, NBA) for Excellence in the Practice of Law, Executive of the Year from the *Memphis Business Journal*, and membership in the Greater Memphis Chamber's Chairman's Circle.

19. The State of Tennessee, through Speaker Cameron Sexton and Representative Joe Towns, Jr., issued a Proclamation recognizing counsel's professional integrity and community service.

20. Before entering the legal profession, counsel served honorably in the United States Air Force, working in military intelligence under a Top-Secret Security Clearance. Counsel's unit was recognized during Operation Enduring Freedom and received an Air Force Outstanding Unit Recognition presented by then-Vice President Dick Cheney, along with the Armed Forces Expeditionary Medal, National Defense Service Medal, Air Force Longevity Service Award, and Air Force Achievement Medal.

## IV. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court:

1. Accept this Response as good cause;

2. Strike or permit substitution of the inadvertent filings; and

3. Decline to impose sanctions that would effectively reward Defendants for the misconduct alleged in this case.

Respectfully submitted this 30<u>th</u> day of October 2025.


By: <u>/s/ Henry E. Reaves III</u>
Henry E. Reaves III (TN #28348)
**REAVES LAW FIRM, PLLC**
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 38118
Phone: (901) 352-0333
Fax: (901) 328-1352
Email: henry.reaves@beyourvoice.com
Email: rlf.litigation@beyourvoice.com

# EXHIBIT C

 Gmail

Henry Reaves <henry.reaves@beyourvoice.com>

# Mandatory Ethical AI Training & Reporting Protocols for All Staff

1 message

**Henry Reaves** <henry.reaves@beyourvoice.com>                                    Tue, Jul 15, 2025 at 3:34 PM
To: Sherrie Crittle <sherrie.crittle@beyourvoice.com>, Neva Reaves <neva.reaves@beyourvoice.com>

Please make any modifications you need to and distribute to the entire firm tomorrow.

Dear Team,

As we move forward in embracing artificial intelligence as a tool to support our legal operations, I want to reiterate the following:

## 1.

## Ethics Are Non-Negotiable

Our firm is proudly forward-leaning when it comes to technology—but we are equally committed to upholding the ethical and legal standards that govern our profession. No use of AI will ever excuse or override those obligations.

All attorneys and staff are required to operate in full compliance with the ethical rules and state-specific guidance in Tennessee, Mississippi, and Arkansas. Each of these states makes clear:

- You must understand the technology you use and supervise its application (Model Rule 1.1 – Competence).

- You must protect client confidentiality (Rule 1.6).

- You must maintain independence and accountability—AI cannot replace attorney judgment (Rules 2.1, 5.5, 8.4).

- AI-generated work must never result in misleading, negligent, or unauthorized conduct.

To reinforce this, attendance at the upcoming Ethical AI Training is mandatory for all attorneys and staff. We will maintain a record of attendance and this email will serve as official documentation that we are taking clear steps to ensure ethical AI compliance.

## 2.

## Reporting Procedure for AI Ethics Concerns

If you believe you have witnessed or identified any potentially unethical or improper use of AI, there is a formal process that must be followed.

Do NOT:

- Discuss it informally with coworkers.

- Mention it in passing, meetings, or hallway conversations.

- Allow the issue to go undocumented.

You MUST:

- Send a direct email to Dr. Sherrie Crittle (Chief People & Culture Officer).

- Include "AI Ethics Issue" in the subject line.

- CC Neva Reaves on the email.

- Be clear, factual, and direct in your message.

This process ensures that your concern is properly memorialized, documented, and investigated. Anything not submitted in this way will not be considered a formal report and may result in unnecessary miscommunication or liability.

## 3.

## Zero Tolerance for Unethical AI Use

We will continue to lean into AI in ways that make our firm more effective and competitive. However, we will only do so within the full bounds of the law and our ethical responsibilities.

Any employee found to be using AI in a manner that is unethical, unauthorized, or inconsistent with firm policy will be held accountable for their actions. There will be serious consequences for any individual who circumvents or ignores these rules.

We are a firm that believes in progress—but not at the expense of integrity. Every person here is expected to uphold that standard.

Respectfully,

Henry E. Reaves III, Esq.

Founder & Managing Attorney

The Reaves Law Firm



# Henry E. Reaves III, Esq.
CEO

## Reaves Law Firm

p: 9013520333

f: 9013281352

a: 1991 Corporate Ave. Suite 310 Memphis, TN 38132

beyourvoice.com e:henry.reaves@beyourvoice.com

  

# EXHIBIT B

# AFFIDAVIT OF POPLAR INSURANCE AGENCY, INC DBA PEOPLE PROCESSES

STATE OF TENNESSEE
COUNTY OF SHELBY

BEFORE ME, the undersigned authority, personally appeared Rhamy Alejeal, who being first duly sworn, deposes and states as follows:

1. My name is Rhamy Alejeal, and I am a duly authorized representative of **People Processes**, an independent payroll and human resources management company headquartered in Memphis, Tennessee.
2. People Processes has provided payroll administration and related human resource support services to **The Reaves Law Firm, PLLC,** continuously for approximately nine (9) years.
3. Based on the firm's payroll records and employment data maintained in the ordinary course of business, Poplar Financial can confirm that between May 8, 2025, and the date of this Affidavit (October 29th, 2025), a total of forty-four (44) employees have separated from employment with The Reaves Law Firm, PLLC.
4. The separations during this period include approximately **thirteen (13) attorneys, three (3) C-suite executives,** and **four (4) J.D. candidates,** along with other professional and support personnel.
5. In People Processes' nine years of servicing The Reaves Law Firm, this volume of turnover of executives and attorneys within such a short time frame is unprecedented and represents the highest concentration of employee separations in critical roles we have ever recorded for the firm.
6. The information contained herein is true and correct to the best of my knowledge and based on records maintained by People Processes in the normal course of business.

Further affiant sayeth not.

_(signature)_

Rhamy Alejeal
Chief Executive Officer
Poplar Insurance Agency, Inc
DBA People Processes

Subscribed and sworn to before me this ___ day of _____, 2025.

_(signature)_

Notary Public
My Commission Expires: ___8/21/2027___

_(Notary seal: TINA ADAMS, STATE OF TENNESSEE, NOTARY PUBLIC, SHELBY COUNTY, MY COMMISSION EXPIRES 8-21-2027)_

# EXHIBIT C

 Gmail

Henry Reaves <henry.reaves@beyourvoice.com>

## Appeal

**Henry Reaves** <henry.reaves@beyourvoice.com>
To: Neva Reaves <neva.reaves@beyourvoice.com>

Thu, May 8, 2025 at 10:50 AM

Neva keep this email for your record. That was one of the most abysmal performances, I've ever seen from an attorney.

I need to keep them motivated so they won't ruin my appeal like they did our trial.

At this point I'm certain I'm a victim of a conspiracy between Billy and our counsel.



Henry E. Reaves III, Esq.
CEO
**Reaves Law Firm**

p: 9013520333

f: 9013281352

a: 1991 Corporate Ave. Suite 310 Memphis, TN
38132

beyourvoice.com e:henry.reaves@beyourvoice.com

