\IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

REAVES LAW FIRM, PLLC,                 )
    Plaintiff,                          )
                                        )
                                        )
v.                                     )        No. 2:25-cv-2623-SHL-atc
                                        )
BAKER, DONELSON, BEARMAN,              )
CALDWELL & BERKOWITZ, PC;              )
JONATHAN HANCOCK; MARY                 )
KATHERINE CAMPION; JERRICK             )
MURRELL; DEAN J. SHAUGER; and          )
JOHN DOES 1–3,                         )
    Defendants.                         )

## ORDER AWARDING ATTORNEY'S FEES

On June 2, 2026, the Court entered the Order Issuing Rule 11 Sanctions to Plaintiff for the Misuse of Artificial Intelligence in Court Filings (the "Sanctions Order"). (ECF No. 37.) The Order explained that Plaintiff Reaves Law Firm, PLLC ("RLF"), "must reimburse Defendants for the costs associated with the drafting of the filings in this matter that were responsive to RLF's filings that included improper citations, i.e., ECF Nos. 19, 24, 26, and 32." (Id. at PageID 473.) To determine the scope of that reimbursement, the Court required Defendants Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, and Jonathan Hancock, Mary Katherine Campion, Jerrick Murrell, and Dean J. Shauger, to "file an accounting of their costs and attorneys' fees for those filings, with supporting documentation and consistent with Local Rule 54.1(b), no later than fourteen days from the entry of this Order." (Id.) The Court allowed RLF fourteen days from Defendants' filing to file any responses or objections. (Id.)

Defendants filed an Accounting of Fees & Costs on June 12, which included the declaration of Sam Berry Blair, their counsel, attorney time entries associated with the filings at

issue, and the declaration of local attorney John Irving Houseal, Jr., which spoke to the reasonableness of the hours expended and the fees charged. (See ECF Nos. 38, 38-1, 38-2.) The filing also included a request that "the Court's award be entered jointly and severally against Plaintiff and Plaintiff's only counsel of record and signing attorney on all filings, Henry Reaves, III," and "that any award be due in thirty days and otherwise based upon what the Court deems just and warranted under the circumstances." (ECF No. 38 at PageID 475.)

When RLF missed its deadline to file a response or objections to that filing, the Court extended its deadline until July 6, 2026. (ECF No. 39.) The Court explained that, "[a]bsent such a filing, the Court will deem Defendants' assertions undisputed, and will enter an order accordingly." (Id. at PageID 492.) RLF failed to respond by the extended deadline.

## APPLICABLE LAW

In instances where courts award attorney's fees, they typically determine the reasonableness of those fees based on the "lodestar" amount, which is calculated by multiplying the number of hours spent on the litigation by an attorney's hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Parties seeking attorney's fees have the burden of providing evidence of the hours worked and rates charged. Webb v. Bd. of Educ. of Dyer Cnty., Tenn., 471 U.S. 234, 242 (1985).

In this district, the Local Rules require parties to submit an affidavit or declaration of counsel detailing the number of hours spent on each aspect of the case, and an affidavit or declaration from another attorney in the community, who is not otherwise involved in the case, setting out the prevailing rate in the community for similar services. L.R. 54.1(b)(1)–(2). Trial courts have broad discretion to determine what constitutes a reasonable hourly rate but should assess the prevailing market rate in the relevant community when evaluating a request for

2

attorney's fees.  Waldo v. Consumers Energy Co., 726 F.3d 802, 821 (6th Cir. 2013).

## ANALYSIS

Blair and Zachary B. Busey are the Baker Donelson attorneys who submitted time entries for work done on the relevant matters in this case, and Blair submitted an affidavit attesting to their hours worked and their hourly rates.  Blair explained that his hourly rate is $930, and Busey's is $595.  According to Blair's affidavit, "[t]hese rates are among the rates customarily charged for defending professional malpractice actions against lawyers and law firms."  (ECF No. 38-1 at PageID 480.)  Blair asserts that he worked 25.0 hours and Busey 42.0 hours on the relevant matters at issue from the Sanctions Order, and that the time entries that he submitted are conservative and do not reflect all of the hours spent on this case by the firm's attorneys.

In his affidavit, Houseal asserted that he is "familiar with hourly rates charged by attorneys with similar experience, on similar matters, in Memphis, Tennessee," and it is his "opinion, based on [his] experience and training, the hours listed and the rates charged by Defendants are reasonable and appropriate and in line with what other attorneys of their experience and training would charge and bill for a matter like this one."  (ECF No. 38-2 at PageID 490.)

As to the reasonableness of the rates, although Blair's hourly rate is higher than what the Court typically sees from Memphis lawyers, given Blair's resume, the fact that the issues here deal with attorney malpractice, a specialized area of the law, the fact that Houseal attests that the rate is reasonable under the circumstances, and the fact that RLF did not contest the rate, the Court finds Blair's rate to be reasonable.  Similarly, given Busey's experience, the nature of this matter, Houseal's declaration, and the lack of opposition from RLF, the Court finds that Busey's hourly rate is also reasonable.

As noted, when the Court entered the Sanctions Order, it explained that the filings that included improper citations were ECF Nos. 19, 24, 26, and 32, and that the attorneys should limit their hours-worked submissions to those filings.  (ECF No. 37 at PageID 473.)  In general, the Court finds that the attorneys followed this guidance, and the hours spent on the relevant matters was reasonable.  However, in reviewing Baker Donelson's time entries, there are four entries from October 18–20 by Busey that only tangentially address the filings with improper citations, and instead deal largely with a motion to withdraw that was filed by one of RLF's attorneys who had not previously appeared in the case.  Those entries amounted to 2.6 hours of work.  Similarly, Blair had two time entries related to the same withdrawal issue, totaling 1.0 hours of work.  The Court finds that, apart from those time entries, all of the time the two attorneys spent is reasonable.  Therefore, Blair's hours worked will be reduced from 25.0 to 24.0, and Busey's will be reduced from 42.0 to 39.4.

Given the foregoing, RLF is responsible for $22,320 for Blair's attorney's fees, and $23,443 for Busey's, for a total of $45,763.00.  RLF and Henry Reaves III, RLF's CEO and the attorney who signed all of the filings that warrant the attorney's fees award, shall be jointly and severally liable for the fees. The attorney's fees shall be due within sixty days of the entry of this Order.

**IT IS SO ORDERED,** this 10th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

4