**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| REAVES LAW FIRM, PLLC,<br>Plaintiff,<br><br>v.<br><br>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC; JONATHAN HANCOCK; MARY KATHERINE CAMPION; JERRICK MURRELL; DEAN J. SHAUGER; and JOHN DOES 1–3,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-2623-SHL-atc |

**ORDER DENYING MOTION FOR RECONSIDERATION AND CLARIFYING ORDER AWARDING SANCTIONS**

Before the Court is Plaintiff Reaves Law Firm, PLLC ("RLF") and Henry Reaves III's Motion for Reconsideration of Order Awarding Attorney's Fees and for Stay of Payment Deadline, filed July 21, 2026. (ECF No. 46.)[1] Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("Baker Donelson") responded on August 4, 2026. (ECF No. 47.)[2]

The Motion asks for the Court to reconsider two of its related orders. The first is the June 2, 2026 Order Issuing Rule 11 Sanctions to Plaintiff for the Misuse of Artificial Intelligence in Court Filings. (ECF No. 37.) The second is the July 10, 2026 Order Awarding Attorney's Fees, which was entered after the Court ordered Defendants to file an accounting of their costs and

---

[1] RLF and Reaves initially filed a motion for reconsideration earlier that same day which did not include the memorandum in support that was included in the corrected version. (See ECF No. 45.) The original Motion is **DENIED AS MOOT**.

[2] When the Court granted Defendants' Motion for Judgment on the Pleadings on June 29, 2026, the claims against all Defendants were dismissed, and the only cause of action that remained was Baker Donelson's counterclaim against RLF. (See ECF No. 40.)

attorneys' fees related to the filings that gave rise to the sanctions order. (ECF No. 43.) The Court entered the first order after finding that RLF engaged in "serious . . . ethical lapses" related to its repeated citations to cases that do not stand for the propositions for which they are cited and quotations from those cases that do not exist, which appeared to be caused by the suspected use of Generative Artificial Intelligence. The Court entered the second order after Baker Donelson provided evidence of the costs that it incurred in responding to RLF's sanctionable filings. Ultimately, the Court concluded that, "RLF and Henry Reaves III, RLF's CEO and the attorney who signed all of the filings that warrant the attorney's fees award, shall be jointly and severally liable for the fees," which totaled $45,763.00. (ECF No. 43 at PageID 538.)

RLF and Reaves's Motion seeks various forms of relief, including vacating or modifying the portion of the underlying order that required payment of attorney's fees to Baker Donelson, clarifying what grounds the sanction is based upon, vacating or modifying the portion of the underlying order that imposed joint-and-several personal liability against Reaves, clarifying whether RLF is being sanctioned as a party, as a law firm, or both, and seeks to stay the sixty-day payment deadline pending resolution of the motion and any additional post-judgment or appellate proceedings. (Id.)

## APPLICABLE LAW

"District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 952 (6th Cir. 2004) (citations omitted). Federal Rule of Civil Procedure Rule 54(b) governs the revision of interlocutory orders and provides that, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties

and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

The Local Rules outline the process a party must follow to move for a revision of an interlocutory order under Rule 54(b). It explains that "[a] motion for revision must specifically show" one of three things: "a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order;" or "the occurrence of new material facts or a change of law occurring after the time of such order," or "a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order." LR 7.3(b).

**ANALYSIS**

The Court **DENIES** the Motion for the fundamental reason that RLF and Reaves do not identify which of the three Local Rule 7.3(b) bases that they are relying on to assert reconsideration is warranted. They do not identify any new material facts or change of law that have occurred since the entry of the orders. The remaining two grounds that would justify reconsideration require that the RLF and Reaves had identified "a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought," or that there was "a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order." LR 7.3(b).

RLF and Reaves did not identify anything they presented to the Court from which there is a material difference in fact or law or that the Court failed to consider any material facts or

dispositive legal arguments that they presented. The Court considered the facts RLF outlined in its response to the Court's Order to Show Cause. In so doing, the Court noted a slew of missing answers in RLF's response, and the many ways in which RLF refused to accept responsibility for its conduct.

The Court noted that "other than a fleeting reference to an internal company email regarding the steps the firm took 'to ensure ethical, responsible use of AI technology' (ECF No. 31 at PageID 419; see also id. at PageID 425–27), RLF does not acknowledge that AI had any role in the drafting of the filings at issue." (ECF No. 37 at PageID 465.) The Court also explained that, although RLF purported to accept responsibility for the problems the Court identified, "throughout its response, RLF simultaneously minimizes the issues for which it is accepting responsibility, and appears to cast blame elsewhere." (Id.) Ultimately, the Court found that RLF "fail[ed] to do almost everything the Court required it to do" in response to the show cause order. (Id. at PageID 470.)

In its order assessing sanctions, the Court set up a protocol for how the sanctions would be determined. Defendants were required to file, within fourteen days, an accounting of their costs and attorneys' fees associated with the drafting of the filings that responded to RLF's filings that included improper citations, and RLF was given fourteen days to respond to that filing. (Id. at PageID 473.) Defendants met that deadline. (See ECF No. 38.) In their filing, Defendants included a request that "the Court's award be entered jointly and severally against Plaintiff and Plaintiff's only counsel of record and signing attorney on all filings, Henry Reaves, III," and "that any award be due in thirty days and otherwise based upon what the Court deems just and warranted under the circumstances." (ECF No. 38 at PageID 475.)

When RLF missed its deadline to respond to dispute any of the assertions in Defendants' filing, the Court, sua sponte, gave it additional time to do so, and explained that, "[a]bsent such a filing, the Court will deem Defendants' assertions undisputed, and will enter an order accordingly." (ECF No. 39 at PageID 492.) RLF again did not respond.

In short, there is nothing that RLF points to, or could point to, that might represent a material difference in fact or law from that which it presented to the Court, or that the Court made a manifest failure to consider material facts or dispositive legal arguments that RLF made to it before the entry of the orders at issue. Because RLF has provided no basis for reconsideration under Federal Rule of Civil Procedure 54(b) and Local Rule 7.3(b), RLF and Reaves's request to reconsider the Order is **DENIED**.

Nevertheless, to the extent that RLF and Reaves seek clarification of "whether the award rests solely on Rule 11 or on another source of authority, such as the Court's inherent authority, 28 U.S.C. § 1927, Local Rule 83.4, or another basis" (ECF No. 46 at PageID 546), the Court provides that now. Although the Court cited to Rule 11 and Local Rule 83.4 in its Order Awarding Attorney's Fees, it enters this Order to clarify that the basis for the Sanctions includes both of those authorities, as well as the Court's inherent authority and 28 U.S.C. § 1927.[3]

A "court may assess attorney's fees under its inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or when the conduct is tantamount to

---

[3] RLF and Reaves rely on out-of-circuit authority to argue that fee-shifting sanctions are allowed under Federal Rule of Civil Procedure 11(c)(2), but not 11(c)(3), which only allows penalties paid into a court. See Wright v. CompGeeks.com, 429 F. App'x 693, 699 (10th Cir. 2011). The advisory committee notes to the 1993 amendments to Rule 11, appear to support that conclusion, as they explain that "[t]he revision [to subsection (c)] provides that a monetary sanction imposed after a court-initiated show cause order be limited to a penalty payable to the court." Nevertheless, the Sixth Circuit recently concluded that an award of attorneys' fees was permissible under Rule 11 after a court-issued show cause order. See Bojicic v. DeWine, 145 F.4th 668, 670 (6th Cir. 2025).

bad faith." Metz v. Unizan Bank, 655 F.3d 485, 487 (6th Cir. 2011). In Whiting v. City of Athens Tennessee, 170 F.4th 455 (6th Cir. 2026), the Sixth Circuit issued sanctions pursuant to Fed. R. App. P. 38, but offered a broad description of when such sanctions are appropriate. The circumstances described match those at issue here.

The court explained that "[i]nherent authority sanctions are appropriate only when the litigant has acted in bad faith or 'willfully abuse[d] judicial processes.'" Id. at 463 (quoting Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 646 (6th Cir. 2006)). So, the court explained, "our case law 'requires a finding of bad faith or of conduct 'tantamount to bad faith' before we can issue inherent authority sanctions." Id. (quoting BDT Prods., Inc. v. Lexmark Int'l, Inc., 602 F.3d 742, 752 (6th Cir. 2010).

"A primary aspect of [a court's inherent authority] is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991). "Harassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts are all examples of the sorts of conduct that will support a finding of bad faith or improper purpose." BDT Prods., 602 F.3d at 754 (quoting Chambers, 501 U.S. at 46). Moreover, litigants act in bad faith when they "use[] the court system to try to force a result that [they] could not obtain under the applicable law." First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 525 (6th Cir. 2002). After all, "[b]ad faith ... is not restricted to situations where the action was filed in bad faith. **Bad faith may also be found in the conduct of the litigation**." Whiting, 170 F.4th at 463 (quoting Am. Unites for Kids v. Rousseau, 985 F.3d 1075, 1090 (9th Cir. 2021) (emphasis added)).

RLF and Reaves, as the CEO of RLF and the attorney who signed off on all of the pleadings and filings in this case, acted in bad faith and willfully abused the judicial process through their repeated reliance on fake citations in their filings, even after having been put on notice that they were doing so. Those citations delayed and disrupted the litigation, made improper use of the Courts, and tried to force a result that they could not obtain under the applicable law. To the extent necessary, the Court clarifies that, in addition to relying on its authority under Federal Rule of Civil Procedure 11 and Local Rule 83.4 as the basis for its sanctions order, it also relies on its inherent authority.

Moreover, the sanctions are also awarded as to Reaves personally pursuant to 28 U.S.C. § 1927, which provides that, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[4] As explained above and in multiple other orders entered in this case, Reaves's conduct unreasonably and vexatiously multiplied the proceedings here.

Although the Court has already determined that Reaves acted in bad faith, awarding sanctions under § 1927 does not require that level of culpability. On the contrary, "[t]he proper inquiry is not whether an attorney acted in bad faith; rather, a court should consider whether an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." Bojicic, 145

---

[4] "Section 1927 applies to attorneys, not the parties they represent." Hawk Tech. Sys., LLC v. Castle Retail, LLC, No. 2:20-cv-2766-JPM-tmp, 2023 WL 5826978, at *3 (W.D. Tenn. Sept. 8, 2023), aff'd, No. 2024-1116, 2025 WL 3182552 (Fed. Cir. Nov. 14, 2025) (quoting Davis v. Detroit Downtown Dev. Auth., 782 F. App'x 455, 457 (6th Cir. 2019)).

F.4th at 673 (quoting Hall v. Liberty Life Assurance Co. of Bos., 595 F.3d 270, 275–76 (6th Cir. 2010)). Reaves's conduct satisfies this threshold, as noted above. As also noted above, attorneys who are found to have violated § 1927 can also be required to personally satisfy the sanctions awarded by the court.[5] Reaves is therefore personally liable for the $45,763.00 under § 1927.

## CONCLUSION

As explained above, RLF's Motion for Reconsideration is **DENIED**. Consistent with the foregoing, the Court clarifies that its sanctions award of $45,763.00 is based upon Rule 11, Local Rule 83.4, the Court's inherent authority, and 28 U.S.C. § 1927. Reaves and RLF are jointly and severally liable under each of those provisions, save for § 1927, for which Reaves is solely liable.[6]

**IT IS SO ORDERED,** this 17th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

[5] Although § 1927 sanctions are not assessable against RLF, the Court is otherwise unpersuaded by the RLF and Reaves's attempts to distinguish between the liability for the law firm and its CEO. As the Court previously noted, it was Reaves who signed all of the filings that contained all of the fictitious citations. (ECF No. 43 at PageID 538.) It is therefore Reaves—and the law firm that bears his name—who engaged in the "conduct which abuses the judicial process." Chambers, 501 U.S. at 44–45. Although RLF and Reaves were afforded the due process necessary to argue that the sanctions should not be jointly and severally liable, they did not do so before raising the issue in the reconsideration Motion.

[6] Baker Donelson asserts that "the time and costs incurred in responding to this Motion have in essence diminished the Court's original award. To account for these costs, the Motion's deficiencies, and the material misrepresentations in it, Defendants submit the award should be increased from $45,763 to $60,000." (ECF No. 47 at PageID 569 (citation omitted).) Although the Court is sympathetic to the fact that Baker Donelson continues to incur costs responding to filings that have as their genesis RLF and Reaves's bad faith, the Court does not find that the filings seeking clarification were frivolous.