**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| REAVES LAW FIRM, PLLC,<br>Plaintiff,<br><br>v.<br><br>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC; JONATHAN HANCOCK; MARY KATHERINE CAMPION; JERRICK MURRELL; DEAN J. SHAUGER; and JOHN DOES 1–3,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-2623-SHL-atc |

**ORDER GRANTING REQUEST FOR DISMISSAL ORDER**

Before the Court is Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, PC'S ("Baker Donelson") Notice of Voluntary Dismissal Without Prejudice or, Alternatively, Request for Dismissal Order, filed July 6, 2026. (ECF No. 42.) To the extent that Plaintiff Reaves Law Firm, PLLC ("RLF"), intended to respond to the notice, its time to do so has passed.

RLF filed this lawsuit on June 18, 2025. (ECF No. 1.) Baker Donelson filed a counterclaim asserting breach of agreement and unjust enrichment (ECF No. 9), and RLF filed an answer to the counterclaim (ECF No. 14). On June 29, 2026, the Court entered an Order Denying Plaintiff's Partial Motion to Dismiss and Granting Defendants' Motion for Judgment on the Pleadings. (ECF No. 40.) In that Order, the Court explained that, although all of RLF's claim were being dismissed, it was retaining jurisdiction over Baker Donelson's counterclaim. It is that counterclaim that Baker Donelson now seeks to dismiss.

## APPLICABLE LAW AND ANALYSIS

RLF moved to strike its answer to Baker Donelson's counterclaim in response to an unrelated Order to Show Cause entered by the Court. (ECF No. 31.) The Court explained in multiple filings that "a response to an Order to Show Cause is an improper vehicle to move to strike pleadings." (ECF No. 40 at PageID 498 (quoting ECF No. 37 at PageID 470).) RLF's answer, then, remains an active pleading on the docket.

Under the Federal Rules of Civil Procedure, a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A); see also Fed. R. Civ. P. 41(c) ("This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim.")

Given RLF's answer and the fact that RLF has not signed a stipulation, neither 41(a)(1)(A)(i) nor (ii) is inapplicable. Federal Rule of Civil Procedure 41(a)(2) therefore applies to Baker Donelson's filing. Under that Rule, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Rule further provides that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

"[T]he purpose of Rule 41(a)(2) is to protect the nonmovant . . . from unfair treatment." Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 953 (6th Cir. 2009) (citing Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994)). The Sixth Circuit Court of Appeals reviews a district court's dismissal under Rule 41(a)(2) for an abuse of discretion. Id. "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the

mere prospect of a second lawsuit." Id. (quoting Grover, 33 F.3d at 718). Courts typically consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant," when evaluating plain legal prejudice. Id. (quoting Grover, 33 F.3d at 718).

Here, RLF does not appear to have expended much effort or expense in this matter, notwithstanding the sanctions that have been assessed against it and Henry Reaves III for their repeated misuse of Generative Artificial Intelligence in the case filings. Baker Donelson has not delayed or demonstrated a lack of diligence in prosecuting its counterclaim, and RLF has not filed a motion for summary judgment. Although Baker Donelson has not offered an explanation for the need to take dismissal, all of the other factors weigh in favor of dismissing the action without prejudice, and RLF has offered no argument to contrary.

Therefore, the Court will dismiss Baker Donelson's counterclaim without prejudice. Because that is the sole cause of action that remains in this lawsuit, the Court will separately enter judgment.

**IT IS SO ORDERED,** this 17th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE